UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| U.S. BANK NATIONAL ASSOCIATION, | ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 3:11-cv-00691-RCJ-WGC |
| THE JOHNNY A. RIBEIRO, JR. FAMILY TRUST et al., | ) ) ) | **ORDER** |
| Defendants. | ) ) | |

This case arises out of the failure of the guarantors of a promissory note to honor the guaranty after the borrower's default. Defendants have asked the Court to dismiss or abstain.[1] For the reasons given herein, the Court abstains.

**I.    FACTS AND PROCEDURAL HISTORY**

On or about September 27, 2004, non-party Quail Corners South, LLC ("Borrower") gave a promissory note (the "Note") to non-party Skymar Capital Corp. in the amount of $4,600,000. (Compl. ¶ 12, Sept. 23, 2011, ECF No. 1). On that same date, Defendants Johnny A. Ribeiro, Jr., Terceira Consulting, Inc., and The Johnny A. Ribeiro, Jr. Family Trust (collectively, "Defendants" or "Guarantors") executed an "Exceptions to Non-Recourse

---

[1] In the alternative, Defendants ask the Court to remand, but Plaintiff filed the present case in this Court, so remand is not available.

1  Guaranty" (the "Guaranty") on the Note. (*Id.* ¶ 15).  The Guaranty is absolute, unconditional,
2  and irrevocable, and it requires payment of all amounts for which Borrower is liable, including
3  costs and expenses such as attorney and expert witness fees. (*Id.* ¶ 17).  Plaintiff U.S. Bank
4  National Association, successor-in-interest to Bank of America, N.A., as trustee for, etc.
5  ("USBNA") currently holds the Note, the Guaranty, and other loan documents. (*Id.* ¶ 20).
6  Borrower defaulted on April 6, 2011, and USBNA accelerated the Note, notifying Borrower and
7  Guarantors of the default and acceleration. (*Id.* ¶¶ 21–23).  On September 23, 2011, USBNA
8  demanded in writing that Guarantors immediately pay the full amount due on the Note
9  ($4,178,866), but they have refused. (*Id.* ¶¶ 30–32).

10  Plaintiff sued Defendants in diversity in this Court for breach of contract and breach of
11  the implied covenant of good faith and fair dealing.  Defendants have moved to dismiss, abstain,
12  or remand.

13  **II.     ANALYSIS**

14  Defendants claim that nothing has triggered their liability under the Guaranty.  However,
15  the present motion is not based upon a failure to state a claim but lack of jurisdiction under the
16  prior exclusive jurisdiction doctrine or, alternately, *Colorado River* abstention.

17  Under the prior exclusive jurisdiction doctrine, a federal court will dismiss in rem claims
18  for lack of jurisdiction where a state court has first exercised jurisdiction over the res at issue.
19  *See, e.g.*, *Wolf v. Dist. Court*, 235 F. 69, 73 (9th Cir. 1916) (dismissing a later-filed federal
20  complaint regarding possession where a prior state complaint regarding ownership was pending).
21  Defendants note that prior to filing the present case, Plaintiff sued Borrower in state court, and
22  that the state court in that action has put the subject property into receivership.  But the present
23  case is an *in personam* contract action for a money judgment against Guarantors, not an *in rem*
24  case seeking to control the real estate securing the Note.  The present case therefore cannot
25  conflict with the state court's control over the res.  And because the present case does not

represent a duplicative action by the same plaintiffs against the same defendants, there is no claim-splitting problem either. *See Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688–89 (9th Cir. 2007). Nor do Defendants argue that diversity jurisdiction is otherwise lacking. The Court therefore has jurisdiction.

In the alternative, however, Defendants ask the Court to abstain under *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). That case involved parallel state and federal proceedings concerning water rights in Colorado. The United States filed suit in federal court to secure its rights to certain water as against approximately 1000 individual users. One of the defendants in the federal action then filed a parallel suit in state court, and several other defendants filed a motion to dismiss the federal action for lack of jurisdiction. The district court granted the motion. The Supreme Court found that jurisdiction was not lacking and that traditional abstention was inappropriate but nevertheless ruled that dismissal was appropriate based on the need to avoid duplicative litigation and "(w)ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Id.* at 817. The *Colorado River* doctrine is not based on considerations of federal–state comity, as is often argued by litigants attempting to avoid federal court, but rather is designed to increase the overall efficiency of related litigation in federal and state courts. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 14–15 (1983). The decision is "highly weighted in favor of the exercise of jurisdiction." *Id.* at 16. The Ninth Circuit has identified eight factors to consider:

> (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.

*R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 978–79 (9th Cir. 2011).

Here, Plaintiff filed the state court action first, and that court has allegedly put the secured real estate into receivership. State law controls the merits in both cases, and the state forum can adequately protect the federal litigants' rights. The federal forum is not inconvenient, as all Defendants are Nevada citizens. The present cases present a serious risk of inconsistent results through piecemeal litigation. The filing of separate actions in separate fora in order to recover the same damages, but against different parties, strongly indicates forum-shopping. Also, although the state case will not control the federal Defendants' liability, it will control the measure of Plaintiff's damages. Although the state case is not alleged to concern enforcement of the Guaranty, as does the present case, it does involve the disposition of the property that was security for the Note. There is a risk of conflicting *in personam* judgments, not because two courts are racing to judgment on the same issue, which pattern of litigation is permissible, but because the result in state court will provide the factual basis for the judgment in federal court, and the federal court therefore cannot proceed to judgment as a practical matter until the state court rules. For example, if the state court forces a sale of the res in order to partially satisfy the Note, this will affect the amount Plaintiff can recover against Defendants under the Guaranty in the present case, because Plaintiff cannot recover the same damages twice. Even if Plaintiff had simply sued Borrower for a money judgment on the Note in state court, the problem would be similar. There would be the risk of Plaintiff obtaining two judgments, one against Borrower and one against Guarantors, not joint and several for the entire amount as may happen if a single action had been litigated in the same forum, but separately for the full amount against each—a potential double recovery. The present cases, where Plaintiff has sued two sets of defendants, one in state court to recover on a promissory note, and the other in federal court to recover on a guaranty of that promissory note, represent a rare litigation pattern making abstention in the latter-filed federal case appropriate.

///

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Dismiss or Remand (ECF No. 11) is GRANTED in part.  The Court ABSTAINS under *Colorado River*.

IT IS FURTHER ORDERED that the Clerk shall close the case, accordingly.

IT IS SO ORDERED.

Dated this 31st day of January, 2012.

_____
ROBERT C. JONES
United States District Judge